**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **JEFFREY STEVEN MARX,** | § | |
| **Petitioner,** | § | |
| | § | |
| **V.** | § | **A-14-CA-963-SS** |
| | § | |
| **WILLIAM STEPHENS,** | § | |
| **Director, Texas Dept. of Criminal Justice-** | § | |
| **Correctional Institutions** | § | |
| **Division,** | § | |
| **Respondent.** | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE SAM SPARKS
      UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court is Petitioner's Application for Habeas Corpus Relief under 28 U.S.C. § 2241, which has been construed as a petition filed pursuant to 28 U.S.C. § 2254 (Document 1). On January 23, 2015, the Court received notice from Petitioner that he consents to proceeding with his currently filed application.

Petitioner challenges his convictions in Cause No. 7693 and Cause No. 7723 out of Burnet County, Texas.  On October 24, 2014, the Court severed Petitioner's claims.  Petitioner's claims regarding Cause No. 7723 remain in this case, and the Clerk of Court opened Cause No. A-14-CV-973-SS for Petitioner's claims regarding Cause No. 7693.

Petitioner, proceeding pro se, has been granted leave to proceed in forma pauperis. For the reasons set forth below, the undersigned finds that Petitioner's application for writ of habeas corpus challenging his conviction in Cause No. 7723 should be dismissed.

## I.  STATEMENT OF THE CASE

### A.    Petitioner's Criminal History

According to Petitioner, the Director has custody of him pursuant to a judgment and sentence of the 33rd Judicial District Court of Burnet County, Texas. Petitioner was convicted of aggravated sexual assault of a child and was sentenced to life in prison on June 23, 1998. Petitioner's conviction was affirmed on December 2, 1999. Marx v. State, No. 03-98-00412-CR, 1999 WL 1080090 (Tex. App. – Austin 1999, pet. ref'd.). The Texas Court of Criminal Appeals refused Petitioner's petition for discretionary review on June 7, 2000. Petitioner also challenged his conviction in several state applications for habeas corpus relief. The first was dismissed for non-compliance on July 13, 2005. Ex parte Marx, Appl. No. 49,387-02. The second was denied without written order on August 31, 2005. Ex parte Marx, Appl. No. 49-387-03. The third was dismissed as successive on August 8, 2007. Ex parte Marx, Appl. No. 49-387-04. The fourth was dismissed as successive on September 14, 2011. Ex parte Marx, Appl. No. 49-387-07. The fifth was dismissed as successive on June 27, 2012. Ex parte Marx, Appl. No. 49-387-09. The sixth was dismissed as successive on July 31, 2013. Ex parte Marx, Appl. No. 49-387-010. The seventh was dismissed as successive on June 11, 2014. Ex parte Marx, Appl. No. 49-387-015.

### B.    Petitioner's Grounds for Relief

Petitioner argues the trial judge failed to properly take his oath of office and was without jurisdiction over Petitioner's criminal case.

2

## II.  DISCUSSION AND ANALYSIS

**A.**    **Statute of Limitations**

Federal law establishes a one-year statute of limitations for state inmates seeking federal

habeas corpus relief.  See 28 U.S.C. § 2244(d).  That section provides, in relevant part:

> (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas
> corpus by a person in custody pursuant to the judgment of a State court.   The
> limitation period shall run from the latest of--
>
>> (A) the date on which the judgment became final by the conclusion of direct
>> review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State
>> action in violation of the Constitution or laws of the United States is
>> removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized
>> by the Supreme Court, if the right has been newly recognized by the Supreme
>> Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented
>> could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or
> other collateral review with respect to the pertinent judgment or claim is pending
> shall not be counted toward any period of limitation under this subsection.

**B.**    **Application**

Petitioner's conviction became final, at the latest, on September 5, 2000, at the conclusion

of time during which he could have filed a petition for writ of certiorari with the United States

Supreme Court.  See Sup. Ct. R. 13.1 ("A petition for a writ of certiorari seeking review of a

judgment of a lower state court that is subject to discretionary review by the state court of last resort

is timely when it is filed with the Clerk within 90 days after entry of the order denying discretionary

review.").  Therefore, Petitioner had until September 5, 2001, to timely file his federal application.

Petitioner indicates he placed his application in the mail on October 1, 2014, more than 13 years after the limitations period expired. Petitioner's state applications did not operate to toll the limitations period, because they were filed after the limitations period had already expired. See Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000) (state application for habeas corpus relief filed after limitations period expired does not toll the limitations period).

The record does not reflect that any unconstitutional state action impeded Petitioner from filing for federal habeas corpus relief prior to the end of the limitations period. Furthermore, Petitioner has not shown that he did not know the factual predicate of his claims earlier. Finally, the claims do not concern a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review.

### III.  RECOMMENDATION

It is recommended that Petitioner's application for writ of habeas corpus be dismissed with prejudice as time-barred.

### IV.  CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in

4

Slack v. McDaniel, 529 U.S. 473, 484 (2000).  In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

In this case, reasonable jurists could not debate the dismissal of the Petitioner's section 2254 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed.  Miller-El v. Cockrell, 537 U.S. 322, 327 (2003) (citing Slack, 529 U.S. at 484).  Accordingly, it is respectfully recommended that the Court shall not issue a certificate of appealability.

## V.  OBJECTIONS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections. Battles v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from

appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court.  See 28 U.S.C. § 636(b)(1)(C);  Thomas v. Arn, 474 U.S. 140, 150-153 (1985); Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 4th day of February, 2015.


_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE