IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

**JEFFREY STEVEN MARX,**
         Petitioner,

-vs-                                                  Case No. A-14-CA-963-SS

**WILLIAM STEPHENS,**
         Respondent.

## ORDER

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Petitioner Jeffrey Steven Marx's Petition for Writ of Habeas Corpus [#1], and the Report and Recommendation (R&R) of the United States Magistrate Judge [#17], to which Petitioner Jeffrey Steven Marx has not filed objections. Having reviewed the documents, the relevant law, and the file as a whole, the Court now enters the following opinion and orders ACCEPTING the Magistrate Judge's R&R and DISMISSING WITH PREJUDICE as time-barred the petition for writ of habeas corpus.

All matters in this case were referred to United States Magistrate Judge Andrew W. Austin for report and recommendation pursuant to 28 U.S.C. § 636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Marx is entitled to de novo review of the portions of the Magistrate Judge's report to which he filed specific objections. 28 U.S.C. § 636(b)(1). All other review is for plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d

1415, 1428–29 (5th Cir. 1996) (en banc). Nevertheless, this Court has reviewed the entire file de novo, and agrees with the Magistrate Judge's recommendation.

## Background

### A.   Marx's Criminal History

According to Marx, the Director has custody of him pursuant to a judgment and sentence of the 33rd Judicial District Court of Burnet County, Texas. Marx was convicted of aggravated sexual assault of a child and was sentenced to life in prison on June 23, 1998. Marx's conviction was affirmed on December 2, 1999. *Marx v. State*, No. 03-98-00412-CR, 1999 WL 1080090 (Tex. App.—Austin 1999, pet. ref'd). The Texas Court of Criminal Appeals refused Marx's petition for discretionary review on June 7, 2000. Marx also challenged his conviction in several state applications for habeas corpus relief. The first was dismissed for noncompliance on July 13, 2005. *Ex parte Marx*, Appl. No. 49,387-02. The second was denied without written order on August 31, 2005. *Ex parte Marx*, Appl. No. 49-387-03. The third was dismissed as successive on August 8, 2007. *Ex parte Marx*, Appl. No. 49-387-04. The fourth was dismissed as successive on September 14, 2011. *Ex parte Marx*, Appl. No. 49-387-07. The fifth was dismissed as successive on June 27, 2012. *Ex parte Marx*, Appl. No. 49-387-09. The sixth was dismissed as successive on July 31, 2013. *Ex parte Marx*, Appl. No. 49-387-010. The seventh was dismissed as successive on June 11, 2014. *Ex parte Marx*, Appl. No. 49-387-015.

### B.   Marx's Grounds for Relief

Marx argues the trial judge failed to properly take his oath of office and was without jurisdiction over Marx's criminal case.

## Analysis

### A. Statute of Limitations

Marx's claims are time-barred. The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year limitation period for state inmates seeking federal habeas corpus relief. 28 U.S.C. § 2244(d). More specifically, § 2244(d)(1) provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The one-year limitation period may be tolled if the petitioner properly files a state application for habeas corpus relief. 28 U.S.C. § 2244(d)(2).

Marx's conviction became final, at the latest, on September 5, 2000, at the conclusion of time during which he could have filed a petition for writ of certiorari with the United States Supreme Court. *See* SUP. CT. R. 13.01 ("A petition for writ of certiorari seeking review of a judgment of a lower state court that is subject to discretionary review by the state court of last resort is timely when it is filed with the Clerk within 90 days after entry of the order denying discretionary review."). Therefore, Marx had until September 5, 2001, to timely file his federal application.

Marx indicates he placed his application in the mail on October 1, 2014, more than 13 years after the limitations period expired. Marx's state applications did not operate to toll the limitations period because they were filed after the limitations period had already expired. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (state application for habeas corpus relief filed after limitations period expired does not toll the limitations period).

The record does not reflect any unconstitutional state action impeded Marx from filing for federal habeas corpus relief prior to the end of the limitations period. Furthermore, Marx has not shown he did not know the factual predicates of his claims earlier. Finally, the claims do not concern a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review.

## Conclusion

The Court fully agrees with the Magistrate Judge's recommendation, and Marx's Petition for Writ of Habeas Corpus [#1] must be DISMISSED WITH PREJUDICE as time-barred by AEDPA.

An appeal may not be taken to the court of appeals from a final order in a proceeding under § 2254 "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Proceedings, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court rejects a movant's

constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists could not debate the dismissal of Marx's § 2254 petition on substantive or procedural grounds, nor find the issues presented are adequate to deserve encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484)). Thus, a certificate of appealability shall not issue.

Accordingly,

IT IS ORDERED that the Report and Recommendation of the United States Magistrate Judge [17] is ACCEPTED;

IT IS FURTHER ORDERED that Petitioner Jeffrey Steven Marx's Petition for Writ of Habeas Corpus [#1] is DISMISSED WITH PREJUDICE as time-barred;

IT IS FINALLY ORDERED that a certificate of appealability is DENIED.

SIGNED this the 18th day of March 2015.

/s/ Sam Sparks
SAM SPARKS
UNITED STATES DISTRICT JUDGE